UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSA PADILLA PAZ,

          Petitioner,

    v.

JULIO HERNANDEZ, et al.,

          Respondent.

CASE NO. 2:26-cv-01394-BAT

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Rosa Padilla Paz, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus alleging her bond hearing, wherein she was denied bond, violated her due process rights and seeking release. Dkt. 1. Petitioner also filed a motion for temporary restraining order ("TRO") seeking immediate release. Dkts. 1, 2, 3. On April 29, 2026, the Court granted Petitioner's motion for TRO and directed Petitioner's release. Dkt. 13. Respondents have now filed a response to the petition, Petitioner has filed a reply, and the matter is ripe for review. Dkts. 17, 18, 19, 20.

## BACKGROUND

Petitioner is a native and citizen of Honduras. Dkt. 18 at 1. Petitioner asserts she first entered the United States as a teenager from Honduras in 2004. *See* Dkt. 3-5 at 6 (Decl. of Petitioner). Petitioner asserts she was fleeing severe violence in Honduras. *Id.* The record shows

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 1

Petitioner suffered severe domestic violence and human trafficking for a decade as a teen and young woman. *See* Dkt. 3 at 2-3 (Decl. of Hayley Upshaw); Dkt. 3-5 at 6-9 (Decl. of Petitioner), 24 (Decl. of Jennifer Stephanie Bonilla), 65-67; (Decl. of Rubi Guzman), 71-74 (Decl. of Hilda Castellanos), 79 (Decl. of Fareedah McCoy), 84 (Decl. of Katheryne Dubon), 88 (letter from Jacobo Padilla); Dkt. 3-12 at 24-28 (T visa I-914 Supplement B); Dkt. 3-18 at 192-196 (U visa I-918 Supplement B).

Petitioner presents evidence that during this period, through strangulation, rape, and death threats against Petitioner and her family, her abuser (Noe) forced Petitioner to assist him in selling drugs. *See* Dkt. 3 at 2; Dkt. 3-5 at 6-9. On June 15, 2007, Petitioner was convicted of merchandise theft in San Mateo, California, and sentenced to 12 months of probation. Dkt. 18 at 1. This conviction was subsequently vacated in May 2025. *See* Dkt. 3-6 at 7-8 (vacatur of 2007 conviction). Petitioner was convicted in 2011[1] of one count of transportation of a controlled substance under Cal. Health and Safety Code § 11352 and in 2014 of one count of accessory after the fact to a felony under Cal. Pen. Code § 32. But the convictions were subsequently vacated as legally invalid under California Penal Code § 236.15 because the California State Court found they occurred as a direct result of Petitioner being a victim of intimate partner violence or sexual violence. *See* Dkt. 3 at 2 (Upshaw Decl.); Dkt. 3-6 at 16-19 (vacatur of 2011 conviction under Cal. Pen. Code § 236.15); Dkt. 3-8 at 37 (vacatur of 2014 conviction under Cal. Pen. Code § 236.15).[2]

---

[1] The Court notes that its previous order granting the motion for TRO incorrectly indicated this conviction was in 2010. *See* Dkt. 13. The record reflects Petitioner was arrested in 2010 but convicted in 2011. Dkt. 3-6 at 16-19.

[2] The Court notes that the Declaration of Deportation Officer Jarvin Li differs slightly regarding the description of Petitioner's 2011 drug offense and states that her 2014 charge was ultimately not pursued. Dkt. 18. But Petitioner's records support her description of these charges and their subsequent vacatur. And, in any case, any discrepancy does not appear to be relevant to the Court's ultimate decision.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 2

The record shows that in 2010, Petitioner came into contact with U.S. immigration officials twice, resulting in her detention and removal. *See* Dkt. 3-7 at 4-5 (Form I-213). Petitioner states she followed Noe's instructions to say she was from Mexico, even though she was not and as a result was removed twice to Mexico. Dkt. 3-5 at 12-13; Dkt. 3-11 at 2-3 (Bond Memorandum dated 10/31/2025). Once in Mexico, Petitioner states Noe made the arrangements to have her brought back into the United States and delivered to him. Dkt. 3-5 at 12-13.[3]

The record shows Petitioner escaped her abuser (Noe) in 2014, and has since raised her three U.S. citizen children, ages 11, 15, and 20, as a single mother. Dkt. 3 at 2-3; Dkt. 3-5 at 6-9, 18-21, 28. The record shows since 2014, Petitioner has had no further law enforcement contact and has lived in San Francisco, caring for her children, volunteering at their school and in the community, working, and paying taxes. *See* Dkt. 3-18 at 147; Dkt. 3-6 at 2-30 (criminal history chart); Dkt. 3-7 at 4-6 (2025 I-213 summary of criminal history); Dkt. 3-5 at 9-10, 28-32, 39-40, 97, 99-100, 114- 24 (Tax Returns), Dkt. 3-18 at 251 (letter of support from family liaison at daughters' elementary school), 254-55 (letter of support from outreach coordinator & community liaison at local community center), 257-66 (letters of support from other community members).

Petitioner was detained and taken into custody by ICE on June 2, 2025. Dkt. 3 at 2; Dkt. 18 at ¶ 16. The record reflects Petitioner was served with a Notice to Appear ("NTA") charging her as removable under INA 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i)) in that she was a noncitizen "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.*; *see*

---

[3] The Declaration of Deportation Officer Li reflects Petitioner was removed to Mexico twice in 2010, based on her representation that she was a native and citizen of Mexico. Dkt. 18.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 3

*Corrales Castillo v. Wamsley*, 2:25-cv-02172-TMC, Dkt. 3-8 (W.D. Wash.). Petitioner was placed in removal proceedings. *Id.*

In October 2025, after vacating two of her three convictions which had subjected her to mandatory detention, Petitioner requested and was granted a bond hearing before the Immigration Judge ("IJ"). *See* Dkt. 3-2 at ¶ 16 (Second Upshaw Decl.). In October 2025, Petitioner appeared before IJ John Odell for a bond hearing. *Id.* ¶ 17. Petitioner's bond hearing was initially scheduled for October 8, 2025. *Id.* ¶ 17. Petitioner filed evidence in support of her release on bond including certified criminal court records including the vacaturs from two of her criminal convictions; declarations from DV and trafficking experts; letters from family and friends who had direct knowledge of the abuse she suffered in the past by her abuser and changes they had witnessed since Petitioner escaped the abusive relationship; letters from her daughters' schools and community organizations that had interacted with Petitioner over the years; birth certificates for her children; her own tax returns and those of her daughter Jennifer and co-sponsor Joc Wilson; her lease for the fixed address where she had lived prior to detention and would live upon release; and letters from her daughters' therapists and her child's psychologist regarding the deleterious impact Petitioner's detention was having on them. *See generally* Dkt. 3-3, 3-4, 3-5, (psychological evaluation), (expert declaration of DV expert) (evidence in support of bond), (criminal history chart including vacatur orders).

At the hearing, the IJ stated he required the police reports for the drug related arrests be filed as well and set the bond hearing over to October 21, 2025. *See* Dkt. 3-2 ¶ 19. Petitioner subsequently filed the reports, along with a vacatur order of her last remaining conviction. *Id.* at ¶ 21. She also included a declaration from a former San Francisco Police Commission board member from 2010 through 2014 (the two years that Petitioner sustained drug-related arrests)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 4

stating she was not aware of any policies or protocols at that time to screen individuals with drug related arrests to determine if they were DV or trafficking survivors. *See* Dkt. 3-8 at 5-31 (Police Reports), 33-34 (Declaration of Angela Chan), 36 (vacatur order).

On October 10, 2025, an IJ denied Petitioner's applications for asylum and related protections and ordered Petitioner removed to Honduras. Dkt. 3-9 at 4. Petitioner has appealed that order, and it remains pending before the BIA. Dkt. 3-2 ¶ 25.

Department of Homeland Security ("DHS") counsel submitted, for the bond hearing. records of Petitioner's vacated 2010 conviction, multiple forms I-213 from her 2010 and 2025 immigration arrests, and a copy of the IJ order denying her applications for asylum and related protections, which had been issued after a hearing on October 10, 2025, and for which she was in the process of filing a timely appeal. *See* Dkt. 3-2 ¶ 18, 22; Dkt. 3-7 (DHS filing); Dkt. 3-9 (DHS additional filing).

At the bond hearing on October 21, 2025, the IJ denied bond, finding he lacked jurisdiction and in the alternative, he would deny bond because he believed Petitioner was a danger and a flight risk. *See* Dkt. 3-2 ¶ 23; Dkt. 3-10 (Bond Minute Order).

After filing T and U visa applications, Petitioner sought a new bond hearing. Dkt. 3-2 ¶ 33; *see generally* Dkt. 3-17 (Motion for Bond Hearing Based on Changed Circumstances); Dkt. 3-18 (New Bond Evidence). That request was still pending when Petitioner's nephew, Jacobo, for whom she had also previously been the legal guardian, is next of kin, and who had been helping care for her minor children since her detention, died unexpectedly in early April. *See* Dkt. 3 at 4; Dkt. 3-2 at 8; Dkt. 3-22 (Office of the Chief Medical Examiner, San Francisco, verification of death letter); *See* Dkt. 3-5 at 88 (letter of nephew Jacobo Padilla); Dkt. 3-21 (Guardianship Order). Petitioner supplemented the pending request for a new bond hearing with

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 5

this evidence. Dkt. 3-2 at ¶¶ 34-35. The IJ denied the request for a new bond hearing, citing DOJ Executive Office for Immigration Review ("EOIR") policy that she is subject to mandatory detention under § 1225 and finding no changed circumstances. *See* Dkt. 3-20.

By order dated April 29, 2026, this Court granted Petitioner's motion for TRO finding Petitioner was likely to succeed on the merits of her due process claim; there was a high risk of being erroneously deprived of her freedom without injunctive relief; and Petitioner's interest in protecting her constitutional rights outweighed the Government's interest in her continued detention. Dkt. 13. The Court ordered Petitioner's immediate release. *Id.*

**DISCUSSION**

**A.      Verification of Petition**

Respondents argue that the petition should be denied because it was not properly verified. Dkt. 17.

Habeas petitions must be verified "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Local Rules of this district permit another person to verify a habeas petition on behalf of someone in custody so long as that person "set[s] forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated." Local Rules W.D. Wash. LCR 100(e); *Singh v. Bondi*, No. C26-0477-KKE, 2026 WL 586230, at *2 (W.D. Wash. Mar. 2, 2026).

Here, Petitioner's counsel submitted sworn declarations setting forth the relevant facts underlying the petition as well as authenticating the numerous documents supporting the petition. Dkt. 3; Dkt. 3-2. Petitioner's counsel's declaration also states that "[t]he facts stated in this declaration are true and of my own personal knowledge, except as to any matters stated on

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 6

information and belief, and as to those matters, I am informed and believe them to be true." *Id.* Petitioner's counsel also submits a declaration from petitioner which counsel signed on petitioner's behalf with a footnote indicating "[b]ecause Ms. Padilla Paz is in detention in another state, we were unable to get her physical signature in time for this filing so am signing on her behalf electronically." Dkt. 3-1 at 6-7.[4] The Court notes that the Respondents also identify no specific allegation in the petition as inaccurate or inadequately supported. Taken together, the Court finds that the petition was effectively verified, was sufficiently supported by evidence, and any defects were technical in nature and do not justify denial of the petition.

**B.    Exhaustion of Administrative Remedies**

Respondents argue the Court should deny the petition because Petitioner has not exhausted her administrative remedies. Dkt. 17 at 5-6.

Whether Petitioner must avail herself of all administrative remedies, i.e., exhaust her remedies in the habeas context, "is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

---

[4] The Court notes that Respondents assert that Petitioner's declaration at Docket No. 3-1 is not sworn under penalty of perjury. Dkt. 17 at 12-13. But Petitioner's counsel's declarations (Dkts. 3, 3-2) are so sworn, and even assuming Petitioner's declaration (Dkt. 3-1) is insufficient, Respondents do not identify what relevant information from Petitioner's declaration (Dkt. 3-1) is not otherwise adequately supported by the evidence submitted in support of the petition.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 7

Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The Court finds pursuit of administrative remedies would be a futile gesture, as it is Respondents' position under its recent Executive Office for Immigration Review ("EOIR") policy that Petitioner is subject to mandatory detention under § 1225. Furthermore, as several courts in this district have recently noted in waiving exhaustion, data released by the EOIR, reflects that the average processing time for bond appeals is prolonged -- in 2024 exceeding 200 days. *Rodriguez v. Bostock*, 779 F.Supp.3d 1239, 1248– 49 (W.D. Wash. April 24, 2025) (due to the length of processing time for BIA bond appeals, requiring exhaustion "will result in irreparable injury because [petitioner] will not have a meaningful opportunity to show his entitlement to bond"); *W.T.M.*, 2026 WL 262583, at *3. And here Petitioner "ultimately raises a constitutional challenge in her habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (citing *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer."); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. Jan. 16, 2019) (waiving exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues")).

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 8

The Court accordingly finds the petition is not barred for lack of exhaustion of administrative remedies.

**C.      Challenge to Bond Hearing**

Petitioner argues the IJ abused his discretion and committed legal error in finding Petitioner was a danger to the community and a flight risk and denying bond. Dkt. 1 at 30-31; Dkt. 2 at 7.

The Court generally lacks jurisdiction to review discretionary bond decisions. Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

However, § 1226(e) does not bar "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court. . ., we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). Thus, "a district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

This Court's habeas review of the immigration court's determination as to dangerousness and flight risk is for abuse of discretion. *See Martinez v. Clark,* 124 F.4th 775, 779, 784-85 (9th

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 9

Cir. 2024). Under an abuse of discretion standard, the court cannot reweigh evidence; the Court can determine only whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)).

Petitioner argues the IJ's conclusion she is both a danger and a flight risk violates both the Immigration and Nationality Act ("INA") and the Due Process Clause because the IJ abused his discretion in reaching this conclusion. The Court thus finds it has subject matter jurisdiction over Petitioner's claims.

Petitioner argues the IJ abused his discretion at the bond hearing in finding she was a danger to the community and a flight risk and denying bond. "When determining whether a noncitizen is a danger to the community or risk of flight, an IJ weighs nine factors, pursuant to BIA precedent." *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783). The factors the IJ "may" consider "include any or all of the following;"

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

"The *Guerra* factor most pertinent to assessing dangerousness is the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Id*. (citation modified). These factors "grant an IJ broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id*. at 783–84.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 10

The record before the Court shows the IJ failed to "correctly appl[y] the statutory standard to a given set of facts." *See Martinez*, 124 F.4th at 783.

In Petitioner's case, with respect to danger to the community, the IJ found:

> While Respondent's criminal convictions have been vacated on technical grounds, the record clearly establishes that Respondent has engaged in the distribution of rock cocaine in San Francis[c]o on at least 4 occasions between 2010 and 2014. Respondent claims that she was compelled to engage in these drug trafficking activities because of pressure from an abusive and controlling partner. In the court's view, these circumstances do not sufficiently mitigate the dangerousness of Respondent repeated drug trafficking activities. … Respondent is a danger to the community.

Dkt. 3-11.

Petitioner's evidence shows her convictions for drug related offenses were vacated not "on technical grounds" but were vacated specifically pursuant to California Penal Code § 236.15 which provides in relevant part:

> (a) If a person was arrested for or convicted of any nonviolent offense committed while the person was a victim of intimate partner violence or sexual violence, the person may petition the court for vacatur relief of their convictions, arrests, and adjudications under this section. *The petitioner shall establish, by clear and convincing evidence, that the arrest or conviction was the direct result of being a victim of intimate partner violence or sexual violence that demonstrates that the person lacked the requisite intent to commit the offense. Upon this showing, the court shall find that the person lacked the requisite intent to commit the offense and shall therefore vacate the conviction as invalid due to legal defect at the time of the arrest or conviction.*

Cal. Penal Code § 236.15 (emphasis added).

Thus, in vacating the convictions, the State Court in California found Petitioner lacked the requisite intent to commit the offense because she committed the offenses as a direct result of being a victim of intimate partner violence, and the conviction was invalid due to legal defect at the time of the arrest or conviction. Under the circumstances, the IJ's determination of dangerousness, based on the explicitly invalidated convictions (including a legal finding that Petitioner lacked the requisite intent to the commit the offense), was unsupported by evidence and an abuse of discretion.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 11

Furthermore, the record does not show the IJ considered the "recency" (or more aptly, remoteness) of these offenses as he was required to do. *See Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (in considering the noncitizen's criminal record as a factor, the IJ must consider "the [noncitizen]'s criminal record, *including the extensiveness of criminal activity, the recency of such activity*, and the seriousness of the offenses") (emphasis added); *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (an IJ "must" consider "the recency and severity of [an] offense[]," [as] "a [offense] could have occurred years ago, and the [noncitizen] could well have led an entirely law-abiding life since then.").

The current record before the Court shows Petitioner was convicted of these offenses twelve or more years ago, that she committed them because she was the victim of intimate partner violence, and since she has escaped that abusive relationship in 2014, she has led a law-abiding life. The record thus shows these offenses, for which the convictions were vacated, are "essentially ancient history." *See Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) ("Petitioner's misdemeanor conviction, for which she served no time in custody, is essentially ancient history, and the notion that petitioner could, given her health concerns, or would flee and/or poses some danger to the community is entirely unsupported by the evidence."). The IJ's finding of dangerousness is unsupported by evidence and an abuse of discretion *Id.*

With respect to flight risk, the IJ found:

> The court also finds that Respondent has failed to establish that she is not a flight risk. Respondent claims that she has been the victim of abuse and trafficking by a former partner. While she plans to file a T-visa with USCIS, nothing has yet been filed. Respondent has 3 United States citizen [children] (ages 20, 14, and 10), and they live in San Francisco. Respondent claims significant family and community ties. She has tried to help her neighbors. She has worked in the United States without authorization, and she has filed some income tax returns. Respondent has twice been removed to Mexico,

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 12

despite being a citizen of Honduras. She claims that she was told by her abusive partner to claim Mexican citizenship when she was apprehended by immigration officers in the past. After each removal, she reentered the United States again illegally. Respondent has applied for asylum and protection in the United States. On October 10, 2025, she had a merits hearing before an immigration judge. All of her applications were denied, and she was ordered removed to Honduras. Respondent has appealed that order of removal. Under the circumstances, the court finds that Respondent is an extremely poor bail risk. No amount of bail or condition of parole will ensure her presence at future hearings (or her surrender to immigration officers for removal if her appeals are not successful).

Dkt. 3-11.

The IJ failed to explain why departure from the United States to Mexico, which the IJ acknowledges Petitioner stated was at the direction of her abusive partner, and unauthorized re-entry into the United States twelve or more years ago, demonstrates Petitioner is a risk of flight. *See Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at \*5 (W.D. Wash. Apr. 10, 2026) (Finding the IJ abused his discretion in finding flight risk in part where "[t]he IJ provides no explanation why an unauthorized reentry into the United States 25 years ago would motivate Petitioner to uproot his family from his community (or abandon his family) to avoid immigration officials and flee."). This is particularly so given the IJ's acknowledgement that: Petitioner has three United States citizen children who are 20, 14, and 10 years old, they live in San Francisco, she claims significant family and community ties, has tried to help her neighbors, has worked in the United States without authorization, and has filed some income tax returns. *See id.*

The BIA directs an IJ "may consider the likelihood that relief from removal will be granted in determining whether an alien warrants a bond" based on the rationale that a noncitizen who likely faces inevitable removal may be less likely to appear at future removal hearings. *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020). Here, the IJ states Petitioner's applications for relief were denied and she was ordered removed and she has appealed her removal order. But "[w]hile it might be rational to draw such conclusion based on the specific

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 13

facts presented in a particular case, the IJ did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case." *Soriano*, 2026 WL 969764, at *5. The IJ noted Petitioner's significant family connections and roots in the San Francisco community but then "concluded without explanation that Petitioner's challenges in establishing relief automatically supported finding Petitioner a '[extremely] poor bail risk.'"" *Id.*

The IJ provided no rationale for the conclusion that, under Petitioner's circumstances, she would try to flee rather than appear in immigration court to pursue claims for relief from removal proceedings, even if such claims -- having been denied by an IJ and currently on appeal to the BIA -- might be considered weaker for that reason. *Id.*

Accordingly, the Court finds the IJ also abused his discretion in finding Petitioner was a flight risk.

Petitioner also claims the IJ erred as a matter of law in finding Petitioner mandatorily detained under § 1225(b) and that he therefore lacked jurisdiction to consider her for release on bond.

Respondents do not appear to contest this argument, and in their response repeatedly discuss Petitioner as being detained under 8 U.S.C. § 1226(a). *See* Dkt. 17 at 3 ("Because her removal proceedings are ongoing, Petitioner was lawfully detained pursuant to 8 U.S.C. § 1226(a)."). And the record shows Petitioner entered the United States many years ago without inspection, was not apprehended upon arrival, had lived in the country for many years prior to being detained in June 2025, and is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. The Court finds Petitioner is detained under 8 U.S.C. § 1226(a), and therefore the IJ did not lack jurisdiction to consider her for release on bond under 8 U.S.C. §

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 14

1226(a). *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025).

## CONCLUSION

For the reasons discussed above the Court ORDERS:

1.     Petitioner's petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.     Petitioner was previously released pending a final decision on the petition. Dkts. 13, 15. The Court hereby orders that petitioner shall remain released on appropriate conditions based on the granting of the underlying petition.

3.     The Court declines to consider Petitioner's request, included for the first time in traverse (Dkt. 20), that the Court require that any conditions of release may not include electronic monitoring.

4.     To the extent not already accomplished, the Respondents are ordered to forthwith return Petitioner's personal property, including identification documents (other than her passport).

5.     Petitioner's counsel may move for attorney's fees and costs consistent with the law and the statute.

6.     The Clerk shall provide a copy of this order to counsel for the parties.


DATED this 15th day of May, 2026.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge


ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS - 15